This is an appeal by two county magistrates and a county sheriff from an order that refused to grant summary judgment, dismissing them on the grounds of judicial and quasi-judicial immunity and, to a certain extent, legislative immunity. The broader action involves not just damages against those parties, but also prospective injunctive relief with regard to claims of incarceration, claims that people were incarcerated without access to counsel, without being properly advised of counsel, and so forth. By way of housekeeping, I'll say right now that while that part of it, obviously the prospective relief part, is not before this court at this time on this appeal, it is presently being mediated by the magistrate judge, and that's a development that's happened since the briefs occurred in this case. The prospective relief part of the case is being mediated by the district, I mean by the magistrate judge, and she's holding off on doing anything with the damage part of the case until this appeal is decided, just as a matter of background. In the issue that is pertinent to this appeal, that is the damages against the county magistrates and the sheriff, plaintiffs seek, and I quote from the complaint, damages, ellipsis, from being jailed. Well, they were jailed as a result of magistrate court orders and bench warrants, which, of course, are classic cases of judicial immunity that give rise to judicial immunity. He simply served the bench warrants, which were facially valid, and that gives rise to a classic case of quasi-judicial immunity. So, faced with those rather clear immunities, the plaintiffs have tried to argue that there was some policy out there, some unwritten policy or set of policies that the magistrate judges were acting under, and that, therefore, they're entitled to go farther, take some discovery, figure out what was going on, and of course, you have to have a plausible, logical connection between what you allege and reality before you can even open the doors of discovery, to use the language of Iqbal or Twombly, and here they've just basically said that all these cases are decided alike, there must be some underlying, unwritten policy that causes them to be decided alike. If that's not sufficient, then the policies, even if you assume they exist, which I don't think they did, they would be quasi-legislative acts and subject to legislative immunity. Now then, to proceed right to appealability, it's well settled, of course, under the collateral order doctrine that the denial of an absolute immunity from suits, such as judicial or legislative immunity or quasi, either one of those, is subject to immediate appeal in most cases, the exception being if there's a substantial question of fact surrounding the application of the immunity to the case, and... There has been no discovery taken so far. There hasn't been, no, and in fact, if we had done this by motion to dismiss instead of summary judgment, there also would be no discovery taken, and yet we would still be properly before the court if there's no legitimate question of fact. Yes, I'm just asking. No, no, no, that's fine. So again, as I just said a minute ago, the plaintiffs argue that there is a question of fact, they're entitled to delve into the issue of whether there is a policy or a set of policies, unwritten policies out there, that provides, that gives the magistrate or the judge's direction in how they're going to handle these cases, and that they're entitled further to decide to get into discovery to determine whether those policies are administrative in nature or whether they're judicial in nature. Let me see if I understand your argument. You're saying there may be a question of fact as to whether there's a written policy or whether there's an unwritten policy, but it will be a policy that judges in their judicial capacity would apply. Correct. Or it would fall within the idea that the rule of court is a legislative action, or is an exercise of the legislative function and subject to quasi-legislative immunity. Either way. A policy... Well, you argue that judicial immunity would apply to setting court budgets, court hours, general court policies, right? That's what you argue in your brief. Judicial immunity applies to... Setting court budgets, court hours, general court policies. Well... The answer is yes, you do argue that. Okay. That's not judicial acts. It seems to me that all you do dispute are facts. What does that ex parte young mean to you? To me, it doesn't mean that you... I mean, there is the function... You can sue judicial officers based on administrative functions, can you not? I'm sorry, say that again? Judicial officers can be sued on the basis of administrative functions, can they not? They can. Well... And the Forrester case stands for that, among other things. Yes. So, if the allegation is that the actions in question were taken in the exercise of judicial... of administrative functions, it could be pursued under ex parte young, could it not? I don't get ex parte young in this context because we're talking about damages. Let's go back to... We're talking about judiciability. Okay. I'm sorry, appealability. Appealability, right. If the judges decided to set court hours so that from 9 o'clock in the morning until 10 o'clock in the morning, that's an administrative decision. I would say... I'm trying to understand, given how you laid out administrative determinations in your brief. I may have misspoken in the brief, but it would certainly be a legislative... You misspoken in your brief? I may have misspoken in the brief, but it would certainly be a legislative decision to set the hours for courts. I mean, there's a statute in 28 U.S.C. that says the courts are always open. There's a court rule, a federal criminal court rule that says the courts are always open. You can't... If the chief magistrate for Lexington County decided the courts are going to be open from 9 to 10 in the morning on weekdays and that's that, I would say that that is a legislative decision. Now, maybe you could get an injunction to break that and say you're depriving us of the right to... But there's legislative immunity. And I would say there would be a legislative immunity from that. Do you draw any line between the ability of judges to act in judicial capacities and administrative capacities? I would say that in this case, again, the cause of these people going to jail... My question was, do you recognize that there's any line to be drawn between judges acting in their judicial capacity and their administrative capacity? Could I fire my judicial assistant because she's... I don't know. She suddenly became too old. Whatever. Yes, I mean, Forrester says there's a line. And just because something is done by a judge doesn't mean that it's always... That's exactly my point. Thank you. That's what I've been trying to get to. Okay. But these people went to jail as a result of orders issued by judges, and they went to jail because of bench warrants issued by judges and not because of policies. Policies don't put people in jail. Well, that's exactly the factual question. It's not. It's not. Sure it is. They say that it was because of policies. You say it wasn't. Policies, no, there's an order that says you're convicted of this offense. But they say that's all because of unwritten policies. And you say, no, it's not. It's because the order stands all on its own. It does. I understand that's your position, but that's a dispute. It's the fact. Well, it's not a legitimate dispute. I mean, if you find... Is it a material dispute? No, it's not a material dispute. It's not even a plausible... Okay, so they're right. And it's all because of unwritten policies. That wouldn't sink your case with respect to that? I would say no. Of course it's a material dispute. If they're right that there are unwritten policies, the fact... That control here. The fact that the utter proximate cause of the person going to jail was a judicial order entered in the courtroom and not a policy. So I could get a judicial order that allowed me to fire my assistant for under the... In violation of the Age Discrimination and Employment Act. I don't see how you would issue a judicial order that said that. I don't either. But the point you're making, I'm not sure why you're saying that the fact that a policy controlled, an administratively determined policy, led to the issuance of the order isn't a material disputed fact here. Well, it's not a plausible inference. Let me use this example. From what? From the fact that people routinely came into the court and were sentenced to terms of jail or a fine and that they weren't given a right to counsel. That's not necessarily true, but I have to assume it's true. And that when they didn't show up, when they didn't pay the fine or what have you, in due course a bench warrant was issued and they went to jail. It's not plausible to argue that because you have 100 or 500 cases that all take that path that there must be some policy underlying all of that. It's just a question of the judges doing what they believe was the right thing to do. And if you have identical results in identical cases, that does not logically or plausibly create an inference that there is a policy underlying it. To use an example, you can find 100 cases in the West Reporters, probably 500 cases from this court and every other court of appeals, that say if you don't raise something before the district court is a normal, as a general rule, we won't consider it on appeal. A hundred cases, many, many cases from this court. Does that create the logical inference that some chief judge somewhere in the past or in the present issued an unwritten policy to that effect and that therefore every judge that ever reaches that conclusion in a case can be sued and discovery can be had to see, well, there was an unwritten policy to determine that they did that. It's a judicial function. It's the exercise of judicial order and that was the proximate cause of the people going to jail. And even if it hadn't been, I mean, let's assume that the policy did exist. How would it not be the exercise of the legislative function just as in Consumers Union and the Michigan case we cite? If the policy exists, are you saying that it must, that the only immunity that you can avail yourself of is legislative immunity? If the policy existed, and the way they describe it is, the way they describe the two policies, one is that. Just answer Judge Wilkinson's question. Does the existence of the policy take it out of automatically, take it out of the realm of judicial immunity and put it into the realm of legislative immunity or can a policy still be an exercise of judicial, of a judicial function such that it is a subject to judicial immunity? Which is that? The only cases that I'm aware of on rules of court and rules of practice and procedure have applied legislative immunity as far as I'm aware. But again, we come to the question of what was the actual cause, I'm through, I finished the sentence. What was the actual cause of the people going to jail and it was a judicial act? If there was a policy out there, one way or the other, the judicial act trumped it and made it. If there was a policy out there, is it automatically not a judicial act? Is it automatically a legislative act? If there was a general policy out there. The only answer I can come up with that is that in Consumers Union in the Michigan case we cite, it was treated as a legislative, the practice of making rules of court or rules of practice and procedure was treated as a legislative function. So is the answer to the question yes or no? The answer is, as far as I know, the only cases I'm aware of regard that as an exercise of legislative function. Okay. So what's the evidence in this record about the formality of these procedures if you're now claiming legislative immunity, which I assume you are? Well, obviously there is no evidence, but there's also no law that requires it to be formally done. The grounds on which the magistrate judge granted immunity before being overturned by the district judge was on the grounds of judicial immunity. Correct. I know you have arguments about legislative immunity in your brief, but is the case really about judicial immunity? I would say yes, and that was my first point that these people were put in jail as a result of the exercise of judicial order. Let's assume then that really what we're talking about is judicial immunity. I'm still trying to find out from you the answer to a question of if there is a policy, can that still be, even if there's a general policy, is it still possible that that's the expression of a judicial function? I wish I could say yes in candor, but as I've said earlier, all I'm aware of are cases that hold that such rules are regarded as the exercise of the legislative function by a court because it would be in the nature of a rule of practice. Suppose the legislature never laid a hand on the policy or had absolutely nothing to say about the policy. Then I would say it could be said that it is part of the judicial function because it simply describes how judges act. Then what policies, if the legislature had no involvement with the policy, what policies are judicial functions and what are not, and how do we determine which is which? Well, assuming you need to, I know my time is up. Yes, we might need to. Can I develop one thought very quickly or should I wait to reply? If you could answer the question, that would be helpful, because I'm trying to understand. I don't think the fact that, if I understand the question correctly, I don't think the fact that the legislature, as Congress does with the federal rules, has a veto or a say-so in it. We're assuming that. So if you leave the legislature out of it for a moment, is there any possibility that these actions were, could have been administrative in nature, either because they were as the result of a policy that existed or ensued as a result of some administrative determination from the court? Is that a possibility? No. I wouldn't say it's administrative. I would say it's got to be regarded as a rule of practice and procedure, because you're saying if a person comes in, if they don't show up, you try them in their absence. That was one. And the other one was if you. All right. Thank you, counsel. Okay. I'll be back. Ms. Chowdhury, happy to hear from you. Good morning, and may it please the court. My name is Nusrat Chowdhury, and I represent the plaintiff's appellees. The plaintiffs in this case, like hundreds of others, were incarcerated for weeks because they were unable to pay fines to the magistrate courts. I don't think the question is whether we approve or disapprove of what happened here. What I'm trying to find out is whether the existence, well, no, of a policy is a material question. It is, Your Honor. All right. Now, why is it a material question? For this court to determine whether the challenged actions are administrative or judicial, the court needs to apply the stump factors. That includes looking at the nature of the action, as well as the expectation of the parties. That first prong, the nature of the action, requires looking at how the defendants in this case exercise their administrative authority. And the critical piece here, Your Honors, is that the chief justice of the county court system in Lexington County was selected as the state's decision maker. In the existence of a policy which must be carried out by judges, can that be subject to judicial immunity? It depends on the facts. And the context here, Your Honor, is that where the defendant, Reinhard, exercised administrative responsibility for establishing fine collection procedures for this county under the January 2017 Supreme Court order appointing him the chief. This is paragraph 15. There's a clear grant of administrative responsibility or a set of policymaking and procedures. The allegations are that he exercised that authority to create a policy of imprisonment for failure to pay without hearings. That is the policy that's challenged here. Is that a sentencing policy? That is not a sentencing policy. It's a policy that is exercised for collecting fines in the county, in Lexington County, under his administrative responsibility. And there are constituent procedures and protocols implemented by court clerks who report to the presiding judge, the chief magistrate, Reinhard, as well as to the jail administrator, who is the sheriff. That's how the policy is carried out. Excuse me.  What would you anticipate discovering, disclosing, or developing? There are four pieces of evidence we're looking at to get at these material factual disputes, Your Honor. The first is what did Chief Reinhard do in carrying out that responsibility under paragraph 15, and what did he not do? Number two, what did the sheriff do to instruct jail staff on when to identify people to bring them to court? The third is were the defendants aware of the rampant practice of keeping people in jail for failure to pay without any hearings at all? And four, was there any... What would the latter have to do with the policy? Excuse me? Number three, how would that inform a determination as to whether there was a policy? Because the defendants' main dispute here on whether the policy was administrative or judicial has to do with causation. They are claiming that there is nothing that these defendants can do as administrators, even though there are these clear exercises of delegated authority that could have caused the plaintiff's harm. But if they were aware of this rampant abuse and they had the ability to correct it under deliberate indifference theory, they can be held liable for constitutional violations. And that's the allegation here, that first there could be an unwritten policy that is implemented through procedures, instructions... But suppose the unwritten policy pertains to sentencing and can only be carried out by the issuance of a bench warrant by judges and that the unwritten policy essentially is a policy as to sentencing determinations. First of all, who other than judges could have drafted the unwritten policy and who other than judges could have carried it out? In other words, there would be judicial involvement both in the drafting and in the execution? To answer each of your questions in turn, Your Honor, first, here there is not alleged to be a sentencing policy because the sentences aren't challenged. Each individual was sentenced to pay fine or jail. That's the sentence. To answer your second question, they don't challenge that sentence because what they're challenging is what happens to them when they're brought to jail. And that is when that fine or jail sentence turns into jail without a hearing for people who can't pay. That is carried out by the staff at the jail and court clerks. That is where that administrative conversion of a judge's individualized decision to sentence someone to fine or jail, which is a determination that either is acceptable, becomes jail only for people who cannot pay. Would that fall in the category of the nonjudicial defendants that you're suing? No, Your Honor. Would that fall into the category of those who are executing a judicial order? No, Your Honor, because what they're doing is they're turning a fine or jail sentence, which is what they know the court has imposed, into jail only. And there's no judicial order saying don't give these people a hearing. There's no judicial order saying these people deserve only jail and jail is in the penal logical interest. Are you contesting the treatment during arrest and the conditions of confinement? Is that what you're contesting? No, we're contesting a policy of imprisonment without ability to pay hearings. And that is what happens at jail, because people don't get a hearing in this process ever. So with respect to the discovery, this is an action, and the only thing we have before us is a question of damages against the judges, and the argument is made that we need discovery as to the existence, we all know, of a policy. And so the question arises, there are still a great many questions that would be before the district court, regardless of what we did with the appeal. And I'm not sure why you couldn't get all the information you need through discovery in the form of a declaratory judgment action. Why is it necessary to bring a damages action against the judges, because you've got your prayer for declaratory relief. And I'm wondering, all of the information that you want will come out in the course of the declaratory judgment action, where you can define the policy and contest the constitutionality of it. Your Honor, five of the plaintiffs who were unlawfully incarcerated without hearings have nothing but damages actions. They do not have claims for declaratory injunctive relief. Well, who does have claims for declaratory injunctive relief? Some of the plaintiffs here, don't they? Two of the plaintiffs do. The defendants filed motions for summary judgment on those claims, which were denied, but they are also contesting any discovery on those issues. And while mediation is ongoing, it is not clear where that is going to go. Here, where it is damages or nothing, your Honor's ruling on this appeal is crucial. It speaks to injunctive relief, but the immunity speaks, I don't understand it to speak to declaratory as opposed to injunctive relief. But in response to Judge Wilkinson's question, you're saying five of your people would not get any relief. Exactly, Your Honor. Exactly, Your Honor. And here, where there's alleged a policy, both alleged in the complaint, but supported by record evidence that the defendants haven't disputed at all. There is record evidence of court and jail records, which the district court acknowledged from 2017, giving rise to an inference that 700 people were subjected to imprisonment for failure to pay without any hearings. And the defendants here had the authority to correct that, and they didn't do it. And the hearings that you speak of are just the hearings on ability to pay.  There have been no hearings on ability to pay. There is no dispute right now in the factual record that any of the plaintiffs got an ability to pay determination, none of them did, before or after being arrested. And to be clear, the heart of this case is about unlawful incarceration for weeks to months with no hearing. And the Chief Magistrate, as the person South Carolina has designated, pursuant to that Supreme Court order cited by the defendants. Whether you like the policy or not, I'm just not sure what relevance that has. Because immunity shields individuals, particularly absolute immunity shields individuals. We may not approve of what it shields, but we do it for a larger good. So all the emphasis that you're putting on the fact that you don't like the policy, that it's harsh or draconian, maybe so, and maybe I could well agree with you. But I'm not sure that that speaks to the immunity. Two points, Your Honor. First, there has never been a shield from damages actions against judges in administrative capacity. And the Supreme Court's decision in Forrester cited Ex parte Virginia from 1880 that made that clear. And second, this goes to your question, here the nature of the conduct is policymaking. It is administrative policymaking pursuant to this explicit grant of authority to the Chief Magistrate in this county to set fine collection procedures. The defendants have not grappled with that. No, their claim is that the policy doesn't exist. You're right. That's the issue of fact that we have. They are saying the policy doesn't exist, and we're saying it is both relevant that the policymakers here could govern in this area in an administrative capacity. Right. And their challenge is causation, and this is why there are material facts in dispute that the district court acknowledged. The district court had a limited factual record. The defendants did not produce any information at dispute. But there's not much of anything that we have at the moment. Well, at this point, Your Honor, there is the Papachristou Declaration and two declarations from Eric Neusser. Two of them are in the joint appendix. I would also urge the court to look at Docket 43, which is not in the joint appendix. These are analysis of hundreds of court and jail records showing that people are imprisoned for failure to pay without hearings, and that gives rise to material questions of fact about whether there is indeed an unwritten policy here. And that unwritten policy is one. I'm very uncomfortable assuming on the basis of numbers that that creates presumptions about policies. It's an inferential leap too far, I think, to decide that because a number of most criminal cases are disposed of by plea, I'm not sure what that tells you about policies so much as the realities of the criminal justice system. We urge you, Your Honor, to look at those numbers with the plaintiff's declarations which explain that they did not get hearings before being imprisoned for failure to pay. That's not really responsive to the concern I articulated, but I take your point. Yeah. We don't think the numbers are enough. We think the numbers in conjunction with the plaintiff's declaration that explain how this process worked for them, as well as the clear grant of administrative responsibility to Chief Magistrate Reinhart, as well as to Sheriff Coon as the administrator of the jail. There are three things we would like the court to look at, and these are based on the Supreme Court's factors laid out in STUMP. First, the nature of the action. Here the allegation is that that action is policymaking pursuant to administrative responsibilities by the chief who is in charge of establishing fine collection procedures and by the sheriff who is in charge of supervising his staff at the jail and getting people to court. And the allegation is they have a policy of not getting people to court. Second, what are the expectations of the parties when that action is engaged in? There are no parties. There are no parties before the sheriff or before the chief when those sorts of orders are being promulgated either through a written policy or through an unwritten policy that is carried out by instructions to subordinate staff. And third- What finding during discovery would refute your argument? What would be sufficient to defeat your allegation that it is administrative as opposed to judicial? That there is no unwritten policy? Because if you come back and say, well, we know that that's done more often than not, you know that now. It would refute the policy for them to show that in fact, in fact the plaintiff's incarcerations were the result of individualized decisions in their cases. For example, that individual magistrates decided Ms. Brown didn't deserve a hearing and here's why. Or Mr. Wright didn't deserve a hearing. But that's not what's happened and that's not what they've argued or what they've shown. Here, where there is a clear administrator, two clear administrators with administrative responsibility that are alleged to act in this area, and there's record evidence showing that what happened to the plaintiffs happened without hearings, that gives rise to questions of fact about the existence of a policy of imprisonment without hearings. I guess another thing that might defeat your claim, and it's kind of unfair to have you come up with things that would defeat your claim, but that's what we're all about is trying to poke around here, is if you, if they come out in discovery that in fact, because of something that appeared in a given case, that the judges or a judge determined that this should be going forward, would be done in the cases before him. In other words, he's making some sort of individual determination in that way. That is correct, Your Honor. If there was individual different things happening from the judges, that would defeat our claim. That would defeat the claim and it would defeat immunity because it would make it judicial. Why is the sole test one of individualization? Why is, suppose a general rule were applied to what is clearly a sentencing determination? I mean, it would be almost, it would be a rule which would be general in its application, but it would apply to something that was clearly a judicial function. There's no authority for that at this point, Your Honor. There's no decision saying that when a judge who is wearing the hat of policymaker and administrator issues a policy that somehow impacts a sentence, when a judge applies that policy, that that is in and of itself administrative. There's no authority for that. I'm sorry, just all of the alleged imprisonment happened after the sentence is imposed? Yes. And here we go back to stump, the two stump factors. The nature of the act is critical, and the nature of the act here is not about individualized determinations that this person deserves this sentence or this person deserves jail. It's about an order setting a policy for the system, a policy of imprisonment for failure to pay without a hearing. And there is no expectation, this gets to Your Honor, Judge Wilkinson's question, there's no expectation that there are parties appearing before the chief magistrate or the sheriff when they're adopting this policy. This is not an individualized case where parties are appearing. What would the policy that you're looking for say? What would it look like? There are two possibilities. One is that there literally is a piece of paper that says to the court staff, to court clerks, to jail staff, don't bring people back to court when they're in jail because they cannot pay a fine. The second thing it could be, it may not be that clear, but it could be presumed from other instructions and protocols. There could be a protocol that says to jail staff and court clerks, do not bring people back when they're in on a bench warrant that says they owe money. Don't bring them to court. And we know this because under the Supreme Court order, there's an elaborate system of procedures and protocols to bring people from the jail to the bond court next door so they get their bond court hearings. And Reinhart, Defendant Reinhart, is in charge of that. So he and the sheriff have worked together to create all of those procedures. If we get the discovery we want, which is we've asked for written instructions and guidance on when to give people bond court hearings, when to take people from the jail to court, if we actually get that, those protocols, those instructions can show that there is an unwritten policy of simply never giving a hearing to these people. I'm just not sure that I understand even remotely what the line is between an administrative action and a judicial action or whether that should hang purely on the question of whether something is a policy or is it not. I'm concerned that we're on a slippery slope here, and I don't understand exactly what the criterion are. And the judicial function is, it's not always just a single individual act. There are local rules that impact it. There are many other things that are adopted by the judges themselves that affect, actually, judicial decisions quite intimately. And I'm not sure, for example, that judges could be sued for damages by voting on a local rule as we do all the time. If the local rule pertains to the execution of what is clearly a judicial function. So I have to say that I'm left at sea as to what is a judicial function and what is an administrative function, because I don't think they're in tidy little boxes. Policies bear directly upon judicial functions, and to take judges to court for damages on account of these strikes me as an erosion, possibly, of judicial immunity. I think we're heading into deeper and more treacherous waters than we recognize. I'm just speaking for myself. I share the concern that has been articulated, and what I think is why I find this so difficult is there doesn't seem to be any cabineting mechanism. I grasp the concept of asking are there procedures written or unwritten that determine whether or not a person is brought back for bond hearing. That I understand. What I become more uncomfortable with is asking individual judges to defend or articulate extra judicial rationales for decisions. So could you help me with my concern? Yes, Your Honor. My time is up, but if I may. The first answer is that the limiting principle here is that there is a clear grant of administrative authority over a certain area of policymaking, and that is fine collection. That is the critical hook here. This is not an amorphous allusion to administrative responsibility or duties. It is grounded in delegated authorities to the defendants in this action. And the request is not to delve into what every single individual judge was doing in this court system, but what, as the policymaker, Defendant Reinhart did in carrying out that responsibility and guiding court clerks and jail staff on when to bring people in court and when not to. And the result is a policy of imprisonment for failure to pay without hearings. The second point I wanted to make is that there's... I suppose the policy, the promulgated policy, relates to what is clearly a judicial function. There may be policies that relate in some way to judicial functions, but that is not enough to make that policymaking act judicial. And this is grounded... Well, we don't know that. I mean, that's exactly what you're trying to find out. Right. It may be that they relate to, but then we'd have something to make a determination on the basis of. Right now, I'm just scratching my head. Absolutely, Your Honor, and that was my second point, is that here the district court made a modest ruling that limited discovery is necessary. In response to the factual submissions of the plaintiffs, the defendants did not provide anything articulating what the Chief's responsibilities are or aren't. She needed more information, and that is a modest ruling that is well supported by this Court's in vain decision in Alshamari as well as many earlier precedents. And finally, to respond to defendants, if I may, that there is no indication on this record that there is anything approaching formal rulemaking or even an exercise of delegated legislative authority. The Chief here has responsibilities stemming from the Supreme Court order of 2017, and there's no indication that in carrying out those responsibilities he is promulgating rules or exercising appropriations authority delegated by a legislature. So, if there are no other questions, I'd like to rest. Thank you very much. Thank you. Mr. Whittington. May I please report there are a couple of things. Judge Moss, you said that what we're saying is that the policies... I'm saying the policies don't exist. Well, in a way, yes, but really what our main position is that even if they did exist, they were not the cause of the damage. I may be making myself sound simple-minded, but the cause of the damage was a judicial order and a judicially issued bench warrant. It wasn't the policy. Policies don't put people in jail. Policies didn't decide anything. But judicial orders can be issued pursuant to policies. I don't see how. I don't see how not. If the ultimate act in the chain of events is a judicial decision... If there is a policy that says that people who can't pay don't get bond hearings and orders are issued pursuant to that, that's a judicial order issued pursuant to a policy. It's a judicial order. I would not... So you can't go beyond... So there can be a policy. The fact that there's a judicial order insulates any policy from review? Yes. That can't be the law. You know that's not the law. What if the policy was that all blue-eyed defendants would get 10 years or 10 months or whatever because we're a small court, and brown-eyed ones wouldn't? And then there was an order following for all blue-eyed ones and for all brown-eyed ones. You wouldn't be defending that? I don't think. I don't know whether I'd have to defend it or not, but how would it not... Right, but the policy wouldn't be protected. But how would that extreme example, blue-eyed and brown-eyed people, not be a judicial order that meets the criteria... So it's insulated? Right. I can't see why it wouldn't be. For damages purposes, it would be reversible, but it would be... I mean, it's an extreme example, but again... The issuance of the order would be no different from the sheriff. It would be executing the order. We well know that you can't circumvent judicial immunity by going after clerks of court and by going after sheriffs and marshals. By the same token, you couldn't go after someone that had issued the order. But the hypothetical is that the judge makes that, in my hypothetical, that informal policy. So you're not going after just the underlings. You're going after the judge. But... And you say that just because... But as soon as he issues a judicial order, that clothes him at all. Even if this underlying policy, which is known, is bad, that he can't be sued for any damages. I think that's a non-tenable position. You've got to try to walk that back. I hate to sound stubborn and simple-minded, but if it takes the form of an order of a judge that's within the judge's jurisdiction and not completely outside the judge's jurisdiction, there may be all kinds of remedies for it, but I'm not sure how damages becomes a remedy for that. It's... Let me make it a more extreme example. So women get ten days for a crime, but a man would only get five. And then there's an order issue. Then you do what has been done in this case and you file a declaratory judgment, or you appeal... But the women want damages. They don't want a declaratory judgment. They want damages. They've already served their time. They have to find somebody that's subject to suit. I just don't see how... I mean... I would have thought your argument was, that policy doesn't exist. That's your argument in this case. You say these policies don't exist. Well, if I say it doesn't exist, then we go back for discovery on whether it does exist. Right. And maybe that's where we go,  The judicial order put the people in jail. And we have the closest case that comes closest to this was decided by the 11th Circuit just six weeks ago. I pointed it out in the 28-J letter I just filed yesterday. And it goes into some detail about the four things that you need to have a judicial determination for which immunity exists. That is, it was a normal adjudicated function. It happened in a courtroom. It was in a case that was pending before the court, and normally the defendant appeared before the court. That's judicial. If it's a blue-eyed, brown-eyed thing, and all those things happen, again, I hate to sound extreme, but there are other remedies for that. I have your answer. Don't worry. Excuse me. I understand your position. Okay. There was one thing, too. I had this deer-in-the-headlights expression, and I'd like to try to clarify this about the brief, because you said that I had said financial matters, meetings, case assignments, and hours of operation were judicial matters. No, you don't argue that judicial immunity applies to those things. That's exactly the point. That's right. Those would be administrative matters. Exactly. Okay. But those don't decide cases, and those didn't put anybody in jail. You can see that setting court budgets and court orders and general court policies are not judicial acts. You don't claim that they are. We just established that. Right. So they're not judicial acts. But the thing that put these people in jail again and again was judicial orders. Okay. I just don't see how all roads don't lead to immunity of one form or another. It's either legislative in nature, quasi-legislative in nature, or it's judicial because it took the form of judicial acts. I think all forms lead to immunity if we accept the facts that you say. But that's not what we do when we determine immunity. We have to give them the benefit of every fact they allege. Every plausible fact that they allege. And, again, as Judge Duncan said. That's why they have this extra evidence in where they have given us some basis for thinking these are plausible. Maybe they don't win the case, but they get by to get some discovery. I know we're just going around and around. Right, I think we are. But, again, one last thing since I have 30 seconds. If you have 100 Fourth Circuit cases that all come to the same conclusion, you don't get to take the depositions of the Fourth Circuit judges to find out whether it was unwritten policy that caused them to reach that result. That's exactly the situation that they're in. I'm not familiar with a single case that talks about unwritten policies of the Fourth Circuit in any sense like this. I'm just saying that if they said, okay, you decided 100 cases the same way out of the same facts, you couldn't have done that because you just thought it was the right thing to do. You must have some unwritten policy under there. Probably precedent. Well, that's what our people would say they're doing. They're following the law as they understand it. But that's what discovery may determine. I understand your point. Your point is that excessive discovery abrogates the whole purpose of immunity. Sometimes it's necessary, but you're concerned about the fact that the Supreme Court has said in case after case that the immunity becomes worthless if you have to always go to trial on it. And that's the point you're making.  Thank you, Your Honor. To which no one would disagree. Thank you. Thank you. Thank you. We're going to come down to recouncil and take a brief recess.
judges: J. Harvie Wilkinson III, Diana Gribbon Motz, Allyson K. Duncan